# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| RADIO MUSIC LICENSE COMMITTEE, INC., <br><br> Plaintiff, <br><br> v. <br><br> GLOBAL MUSIC RIGHTS, LLC, <br><br> Defendant. | CV 19-03957 TJH (ASx) <br><br> Order <br><br> [167] |

    The Court has considered Defendant Global Music Rights, LLC's ["GMR"] motion to dismiss for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), together with the moving and opposing papers.

    Plaintiff Radio Music License Committee, Inc. ["RMLC"] filed a Second Amended Complaint ["SAC"] alleging that GMR violated:  (1) Section 1 of the

Sherman Act, 15 U.S.C. § 1; (2) § 2 of the Sherman Act, 15 U.S.C. § 2; and (3) California Cartwright Act, Cal. Bus. & Prof. Code § 16720, *et seq.*

GMR, now, moves to dismiss for lack of subject matter jurisdiction and failure to state a claim.

GMR argued that RMLC lacks associational standing for its members because RMLC seeks restitution or disgorgement of profits to be distributed *pro rata* among RMLC's members. Associational standing is not appropriate in actions seeking monetary relief where the monetary relief would require individualized proof. *See United Union of Roofers, Waterproofers, and Allied Trades No. 40 v. Insurance Corp. Of Am.*, 919 F.2d 1398, 1400 (9th Cir. 1990). Here, RMLC argued that it does not actually seek restitution or disgorgement of profits, but rather a method to help it obtain monetary relief, if applicable. That is a distinction without a difference. Because RMLC lacks standing to pursue restitution or disgorgement of profits, the Court must strike that prayer for relief from the SAC. *See United Union*, 919, F.2d at 1400.

GMR, further, argued that RMLC failed to state a claim for any of its claims. While a complaint need not include detailed factual allegations for each element of each claim, it must contain enough facts to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). The Court must accept all allegations in a complaint as true and draw all reasonable inferences from those allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff cannot simply restate the elements of her claim, but, rather, must allege enough facts to allow the Court to draw a reasonable inference that a defendant is liable for the misconduct alleged. *See Iqbal*, 556 U.S. at 678.

Here, RMLC allege sufficient facts to state a claim for each of its three claims. *See Iqbal*, 556 U.S. at 678. However, whether RMLC can, ultimately, prove its claims is not a proper consideration at this juncture.

Accordingly,

      **It is Ordered** that the prayers for relief of restitution or disgorgement of profits be, and hereby, are **Stricken**.

      **It is further Ordered** that the motion to dismiss be, and hereby is, **Denied**.

Date: February 13, 2020

                                    _____
                                      **Terry J. Hatter, Jr.**
                            **Senior United States District Judge**